UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Quintin M. Littlejohn**, | C/A No. 7:06-0596-RBH-WMC |
| Plaintiff, | |
| vs. | |
| **Robert Wright**, *aka* Dick; **Joyce Wright**; and **Comco, Inc.**, | **Report and Recommendation** |
| Defendants. | |

# *Background of this Case*

The *pro se* plaintiff is under an order of pre-filing review.  *See* Graham v. Riddle, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[1]  The plaintiff was confined in the South Carolina Department of Corrections until May of 2003.  The plaintiff is now a resident of Gaffney, South Carolina.

---

[1]The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in Quintin Littlejohn v. William J. Clinton, President of the United States, Civil Action No. 6:98-1169-13AK.  Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

1

The plaintiff has brought suit against Robert "Dick" Wright and Joyce Wright, who are, apparently, residents of Gaffney, South Carolina. It appears that these two individual defendants own or work for the third defendant, Comco, Inc. The plaintiff in the caption of the pleading indicates that the above-captioned case is brought under 42 U.S.C. § 1983 and under the Declaratory Judgment Act. The plaintiff alleges that defendant forced the plaintiff to operate his machinery with the door open in violation of safety rules on February 13, 2006.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995

U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]  This court is required to construe *pro se* complaints and petitions liberally.  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3)

("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The defendants are subject to summary dismissal because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999). *See also* Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982).

The district court in Hall v. Quillen, supra, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

Hall v. Quillen, 631 F.2d at 1155 (citations omitted). *See also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the

'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State.  Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).  Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment.  *See* Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state.  The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself."  Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).  In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is

responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, Campbell v. Brummett, 504 U.S. 965 (1992).[3] *See also* Auster Oil & Gas Co., Inc. v. Stream, 764 F.2d 381, 388 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v. Sullivan, supra, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf.* Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 2000 U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in Sullivan to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action). Hence, the forcing of the plaintiff, in an employment context, to operate machinery with the door open does not constitute action under color of state law.

---

[3]In this citation, there are variant spellings of the party known as Camble or Campbell.

Any claims arising under South Carolina law would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. <u>Cianbro Corporation v. Jeffcoat and Martin</u>, 804 F. Supp. 784, 788-791, 1992 U.S.Dist. LEXIS® 21007 (D.S.C. 1992), *affirmed*, <u>Cianbro Corporation v. Jeffcoat and Martin</u>, 1993 U.S.App. LEXIS® 30,080 (4th Cir., November 22, 1993), 10 F.3d 806 [Table]. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See* <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 372-374 (1978). The plaintiff, defendant Robert "Dick" Wright, and defendant Joyce are, apparently, citizens of South Carolina. As result, complete diversity of parties is absent. *See* 28 U.S.C. 1332; and <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806). Hence, this federal

court lacks subject matter jurisdiction over the above-captioned case. *See* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Also, no relief is requested by the plaintiff in the complaint. In other words, the plaintiff has not disclosed what relief (if any) he is requesting. When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however." Humphreys v. Renner, 1996 WESTLAW® 88804 (N.D.Cal., February 26, 1996), *following* FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978)("[F]ederal courts have never been empowered to issue advisory opinions."). *See also* Public Service Co. v. United States Environmental Protection Agency, 225 F.3d 1144, 1148 n. 4, 2000 U.S.App. LEXIS® 22180 (10th Cir. 2000)(company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III). *Cf.* Herb v. Pitcairn, 324 U.S. 117, 126 (1945)("We are not permitted to render an advisory opinion[.]");[4] Neitzke v. Williams, supra, 490 U.S. at 322-

---

[2]Other portions of the decision in Herb v. Pitcairn have been superannuated by later case law. *See* Michigan v. Long, 463 U.S. 1032 (1983).

330 (*held*: although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint, petition, or pleading may be dismissed); and United States v. Burlington Northern Railroad Co., 200 F.3d 679, 699, 1999 U.S.App. LEXIS® 33143 (10th Cir. 1999)(refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

## *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" § 1915(d)].  *See also* In Re Prison Litigation Reform

11

Act, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts . . . are . . . capable of determining when an action is frivolous.  Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").  The plaintiff's attention is directed to the Notice on the next page.


March 1, 2006                                               s/William M. Catoe
Greenville, South Carolina                          United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is, hereby, notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger de novo review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**